IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DESIREE L. RIVERA                                                                                       PLAINTIFF

v.                                              3:20-cv-00291-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Desiree L. Rivera has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 283-287.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young.  She was only thirty-three years old at the time of the administrative hearing.  (Tr. 342.)  She testified she went to the ninth grade in school but later earned her general equivalency diploma.  (Tr. 343.)  She has past work as a scheduler and as a certified nurse's assistant.  (Tr. 295.)

The ALJ[1] found Ms. Rivera met the disability eligibility requirements to apply for disability insurance benefits.  (Tr. 12.)  She has "severe" impairments in the form of "seizure

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

disorder, morbid obesity, lumbar degenerative disc disease (DDD), anxiety, depression, post-traumatic stress disorder (PTSD), and conversion disorder." (Tr. 286.)  The ALJ further found Ms. Rivera did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 286-288.)

The ALJ determined Ms. Rivera had the residual functional capacity to perform a reduced range of sedentary work given her physical and mental impairments. (Tr. 288.) The ALJ determined Ms. Rivera could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 379-384.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform the jobs of surveillance monitor and assembler - despite her limitations. (Tr. 296.) Accordingly, the ALJ determined Ms. Rivera was not disabled. (*Id*.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-279.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Rivera argues that the ALJ's residual functional capacity (RFC) assessment was flawed in that, *inter alia*, it failed to fully account for Plaintiff's seizure disorder. (Doc. No. 13 at 15-21.) Ms. Rivera clearly suffers from limitation from her seizure disorder. But given my limited review under the law, my careful review of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence. I find the Commissioner's arguments persuasive - in particular that the "objective medical findings, Plaintiff's daily living activities, and the non-examining state agency medical consultants' assessments support the ALJ's RFC assessment (Tr.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

386-429, 432-455, 1214, 1286-1287, 1297-1300, 1492)" (Doc. No. 14 at 8.)

Understandably, Plaintiff believes the ALJ should have given more weight to the opinions of Kristi Ketz, Ph.D. (Doc. No. 13 at 18-19.) Dr. Ketz completed a Mental Status Examination, (Tr. 1304-1311), and concluded that Plaintiff had the decreased capacity to perform work related activities. (Tr. 1310.) The ALJ considered Dr. Ketz's opinions and found them to be "not supported by other medical evidence." (Tr. 294.) He further found her opinions to be ". . . inconsistent with the claimants activities of daily living as noted [above]. . . [and] . . . inconsistent with the evidence from other medical and non-medical sources." (*Id.*) While Dr. Ketz's opinions certainly favor Plaintiff's claim of disability, I find no error in the ALJ's assessment here. Dr. Ketz's evaluation is not so persuasive to overcome the other bases for which the ALJ concluded Plaintiff could perform sedentary work activities.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of sedentary work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. (Tr. 283-297.)

There is ample evidence to support the Commissioner's decision. I recognize there is evidence to support Ms. Rivera's claims, including a serious hospitalization that appears to be related to her seizures. (Tr. 11-279.) But the overall evidence supports the ALJ's conclusion that she was not completely disabled. Additionally, I note Ms. Rivera has a history of illegal drug use, including cocaine and methamphetamines, that surely would have a drastic negative effect on her seizure disorder and mental health. I also note Ms. Rivera continues to be a heavy smoker despite her doctors' instructions to cease smoking. (Tr. 20, 549, 551, 553, 599, 601-602, 685, 942). Failure to follow a prescribed course of remedial treatment without good cause is grounds for

4

denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). Lastly, Elizabeth Berry, M.D., Dan Gardner, M.D., Abesie Kelly, Ph.D., and Brad F. Williams, Ph.D., all reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for sedentary work. (Tr. 386-455.) Realizing these doctors did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions.

While the medical evidence shows that Plaintiff's seizures are severe in nature, various facts suggest that they are not inhibitive of Ms. Rivera's capacity to perform sedentary work. Evidence showing that a claimant has worked with an impairment for years undermines the claim that the impairment is disabling. *Gowell v. Apfel*, 242 F.3d 793, 798 (8th Cir. 2001). As previously noted, Ms. Rivera has reported engaging in many activities of daily living. While the extent of a claimant's daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's subjective symptoms. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments which I find are without merit. Ms. Rivera's counsel has done an admirable job advocating for her. But is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ

because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 16th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE